UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CR 05 – 273 RSM |
| Plaintiff, | ) | |
| v. | ) | DETENTION ORDER |
| TERRY EZELL, | ) | |
| Defendant. | ) | |
| UNITED STATES OF AMERICA, | ) | CASE NO. CR 21-062 RSM |
| Plaintiff, | ) | |
| v. | ) | |
| TERRY EZELL, | ) | |
| Defendant. | ) | |

There are charges pending against defendant in two separate cases in this court. This order directs that he be detained in each of the cases, pending resolution of both.

Defendant was sentenced in 2008 for possession of cocaine base with intent to distribute. After serving a term of imprisonment, he began a term of supervised release on January 21, 2020. The U.S. Probation Office charges him with two violations: being a felon

DETENTION ORDER
PAGE -1

in possession of a firearm, on April 7, 2021; and failing to report for drug testing on March 3, 2021. Defendant has denied both charges, and is awaiting an evidentiary hearing before Chief Judge Martinez on May 21, 2021..

       Defendant was also charged by complaint with the offense of felon in possession of a firearm. That complaint was replaced by an indictment filed today (April 21, 2021), alleging the same offense.

       The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearances of defendant as required and the safety of other persons and the community.

### FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) The memorandum from the U.S. Probation Office describes in detail an incident in January, 2021 in which a person identified as defendant Ezell chased another man, threatening him while brandishing a pistol. The incident was captured on surveillance cameras. A pistol of very similar appearance was later recovered from the apartment where defendant lived with his girlfriend.

(2) Where a person is in custody on charges that he has violated conditions of supervised release, "…the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person." Fed. R. Crim. Proc. 32.1(a)(6).

        Defendant's showing falls far short of that standard. Basically, he has argued simply that he has not been found guilty of the alleged violations. In fact, the grand jury has found probable cause to believe that he committed the very conduct which is the subject of one of the alleged violations of supervised release.

(3) The court also gives significant weight to the comments by the Pretrial Services Officer that the agency regards defendant as presenting a very significant danger to their officers. They are very reluctant to have any personal contact with him, either in an electronic monitoring context or in the conduct of any other supervision responsibilities.

(4) The court should detain him as a danger to others. The government's showing is not sufficient, however, to find that defendant presents a significant flight risk.

(5) The same facts would strongly support an order of detention in the case where defendant has been indicted. But because defendant must be detained in the case charging violations of supervised release, the issue is moot in the indictment case. This order should be filed in both cases.

It is therefore ORDERED:

1. Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent

DETENTION ORDER
PAGE -3

practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Defendant shall be afforded reasonable opportunity for private consultation with counsel;

3. On order of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

4. The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 21st day of April, 2021.

John L. Weinberg
United States Magistrate Judge

DETENTION ORDER
PAGE -4