UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TERRY L. EZELL,<br><br>Defendant. | Case No. 2:21-CR-00062-RSM<br><br>ORDER DENYING DEFENDANT'S MOTION TO COMPEL DEFENSE COUNSEL TO SURRENDER CASE FILE |

This matter comes before the Court on Defendant Terry L. Ezell's pro se "Motion to Compel Defense Counsel to Surrender the Case File." Dkt. #83. Mr. Ezell contends that his case file should "include but are not limited to: 1). All discovery, filings, responses, motion and transcripts[;] 2). All personal notes, memos related to this case[;] 3). All on-line searches for replica firearms from sporting good stores, [and] All photo's and other comparison with real and fake firearms." *Id*. at 1-2. Mr. Ezell requests this information in order "to pursue a Constitutional Habeas Corpus." *Id*. at 2. The Government responds that it "takes no position on the merits" of Mr. Ezell's Motion, but requests that this Court deny the Motion for a "complete file" because the Protective Order in this case should be enforced as written. Dkt. #84 at 1, 3.

In support of his Motion, Mr. Ezell cites the American Bar Association's Standards for Criminal Justice, Defense Function Standards and Commentary, and Justice Marshall's dissent in

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL - 1

*Maxwell v. Florida*. *Id*. at 2 (citing ABA Standards for Criminal Justice, Defense Function Standards and Commentary 4-8.2; 4-8.5 (3d. ed. 1993) (addressing defense counsel obligations to cooperate with clients attempting to challenge convictions); *Maxwell v. Florida*, 479 U.S 972, 477-78 (1986) ("The right to effective assistance fully encompasses the client's right to obtain from trial counsel the work files generated during and pertinent to that client's defense.")).

In *United States v. Reichel*, the plaintiff offered similar argument to prepare an anticipated habeas petition before the District Court of Minnesota. 2020 WL 638898 at *1 (D. Minn. 2020). There, the court noted that its "research has identified no federal court that has relied on *Maxwell*, even as persuasive authority, to compel a defendant's former counsel to surrender the defendant's case file." *Id*. Regarding the ABA Standards, the court reasoned that "the fact that certain ethical obligations may be implicated by [Plaintiff's] request does not establish that this Court has the authority to compel his former attorneys to produce documents to Reichel in the circumstances presented here." *Id*. Similarly, *Maxwell* and the ABA Standards do not support Mr. Ezell's motion here.

Furthermore, Mr. Ezell has not yet filed his habeas petition. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). District courts have routinely denied these motions filed prior to a habeas petition. *See United States v. Reichel* at *1 (citing *Parks v. United States*, 2019 WL 19732 at *2, *Brown v. Morgan*, 968 F. Supp 649, 659 (D. Del. 2013), and *United States v. Prado*, 2009 WL 4018147 at *2 (E.D. Cal. 2009)); *United States v. Besta*, 2023 WL 3226199 at *1 (D. Neb. 2023); *United States v. Brown*, 2-16 WL 11643893 at *2 (E.D. Va. 2016); *see also Calderon v. U.S. Dist. Court for the Northern Dist. Of California*, 98 F.3d 1102, 1105-8 (listing several reasons why pre-petition discovery in habeas cases in impermissible). A petition for

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL - 2

habeas corpus must show 'good cause' to warrant discovery requests. *Brown* at *1 (citing *Harris v. Nelson*, 394 U.S. 286 290 (1969) and *Bracy v. Gramley*, 520 U.S. 899, 908-9 (1997). Mr. Ezell has not filed a habeas petition "stating grounds for relief and therefore there are no specific allegations before the Court that would allow it to examine whether there is reason to believe, if the facts were fully developed, that [Mr. Ezell] is entitled to relief." *Brown* at *2. The Court agrees with the logic of the above cases. Ultimately, this motion will be denied because it is "at best, premature." *Reichel* at *1.

Having reviewed the briefing, along with the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Ezell's Motion to Compel Defense Counsel to Surrender the Case File, Dkt. #83, is DENIED.

DATED this 12th day of January, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE