UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>TERRY L. EZELL,<br><br>    Defendant. | CASE NO. CR21-062RSM<br><br>ORDER DENYING MOTION TO REDUCE SENTENCE |

This matter comes before the Court on Defendant Terry Ezell's Motion for Sentence Reduction. Dkt. #90. Defendant moves for a seven-month reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines. *Id.* at 1. The Court has reviewed responsive briefing from the Government, Dkt. #98, and Mr. Ezell's Reply, Dkt. #102.

In 2005, Mr. Ezell was charged with: possession of crack cocaine with Intent to Distribute in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(B)(iii) (Count 1); carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §924(c) (Count 2); and being a felon in possession of a firearm as an armed career criminal, in violation of 18 U.S.C. §§922(g)(1) and 924(e) (Count 3). Case No. 2:05-cr-00273-RSM, Dkt. #79. On March 10, 2008, following a bench trial, the Court acquitted Mr. Ezell of Count 2 but convicted him of the remaining charges. Case No. 2:05-cr-00273-RSM, Dkts. #108 and #112. Mr. Ezell was sentenced to 262 months. Case No. 2:05-cr-00273-RSM, Dkts. #130 at 36-38.

ORDER DENYING MOTION TO REDUCE SENTENCE – 1

Mr. Ezell filed a direct appeal. On June 15, 2009, the Ninth Circuit affirmed Mr. Ezell's conviction and sentence. *United States v. Ezell*, 337 F. App'x 623 (9th Cir. 2009). The Supreme Court denied Ezell's petition for certiorari. 559 U.S. 917 (2010). Mr. Ezell subsequently filed several §2255 petitions, all of which were denied.

In 2019, Mr. Ezell moved for resentencing under the First Step Act. Case No. 2:05-cr-00273-RSM, Dkt. #148. The Court granted his request. At the 2020 resentencing, Ezell assured the Court that he had grown into "a different person" while in prison and left crime behind. Case No. 2:05-cr-00273-RSM, Dkt. #187 at 9–10. The Court said it would "take a chance" on him and reduced his custodial sentence to time served with five years on supervised release. *Id*. at 12.

Mr. Ezell violated his supervised release the next year. In an April 2021 petition, U.S. Probation charged him with possessing a firearm as a felon in April 2021, based on a Ruger pistol found in his girlfriend's apartment, and with failing to report for drug testing in March 2021. Case No. 2:05-cr-00273-RSM, Dkt. #175.

In a separate prosecution under a new case number, a grand jury indicted Ezell on two counts of possessing firearms as a felon. One count charged him with possessing the Ruger pistol seized from the girlfriend's apartment in April 2021. The other count charged him with possessing a Springfield pistol seized from his glovebox in October 2020. Case No. 2:21-cr-62-RSM, Dkt. #8.

Then U.S. Probation charged Ezell with three more supervised-release violations. Violation 3 alleged that he associated with a known felon in October 2020, Violation 4 charged him with possessing a firearm in October 2020, and Violation 5 charged him with assault in January 2021, based on an armed assault caught on security video. Case No. 2:05-cr-00273-RSM, Dkt. #188.

ORDER DENYING MOTION TO REDUCE SENTENCE – 2

Mr. Ezell, represented by appointed counsel Nicholas Vitek, pled guilty in the new criminal case and admitted all five supervised-release violations. See Case No. 2:21-cr-62-RSM, Dkt. #52; Case No. 2:05-cr-00273-RSM, Dkt. #228. In 2022, the Court sentenced him to 51 months in the revocation case and 70 months consecutive in the new case. Case No. 2:21-cr-62-RSM, Dkt. #76; Case No. 2:05-cr-00273-RSM, Dkt. #198.

Mr. Ezell appealed, and the Ninth Circuit affirmed his sentence in the new case but remanded for a limited resentencing in the revocation case based on the applicable statutory maximum sentence. *United States v. Ezell*, Nos. 22-30164 & 22-30165, 2023 WL 7982618, *1 (9th Cir. Nov. 17, 2023).

On remand in the revocation case, Mr. Vitek withdrew as defense counsel, and this Court appointed Chris Black to represent Ezell for resentencing. Before the resentencing hearing in that case, Ezell moved to withdraw two of his five admissions to the supervised-release violations. Case No. 2:05-cr-00273-RSM, Dkt. #220. Through Black, Ezell argued that he had told prior counsel Vitek "that the firearm shown in the [assault] video . . . was not an actual firearm and was instead a replica of a firearm;" that Ezell "also provided Mr. Vitek with information about where the replica firearm had been purchased;" that Ezell "always maintained with Mr. Vitek that the item shown in the video of the January 7, 2021 incident was a replica, and was not an actual firearm;" and that Ezell "always maintained with Mr. Vitek that the firearm seized [from the girlfriend's apartment] was not his firearm and that he never possessed it, a position that Mr. Ezell maintains to this day." *Id*. at 3. Ezell supplied no evidence to back up his claims other than his word. The Court denied Ezell's motion on two independent grounds—as falling outside the scope of the Ninth Circuit's limited remand for resentencing, and as meritless because "Mr. Ezell's claims are unsupported and incredible." Case No. 2:05-cr-00273-RSM, Dkt. #228 at 5.

ORDER DENYING MOTION TO REDUCE SENTENCE – 3

In September 2024, the Court resentenced Ezell in the revocation case to 24 months. Case No. 2:05-cr-00273-RSM, Dkts. #230 and #231. Ezell did not appeal that sentence or the denial of his admission-withdrawal motion.

In November 2024, Ezell filed a *pro se* 28 U.S.C. § 2255 motion. *Ezell v. United States*, CV24-1863RSM, Dkt. #1. The Court denied his Motion, finding that his "factual claims are incredible, frivolous, and contradicted by the record, including Mr. Ezell's own words in the courtroom." *Ezell v. United States*, CV24-1863RSM, Dkt. #22.

Mr. Ezell continues to serve his sentence, with a BOP projected release date in May of 2028. The instant Motion was filed in February of 2025. He is 58 years old.

Pursuant to 18 U.S.C. § 3582(c)(2), a district court has authority to reduce a defendant's sentence under certain limited circumstances:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified two sections of Amendment 821 that may be applied retroactively pursuant to this authority, commonly referred to as the "Status Points" and "Zero-Point Offender" amendments, and has articulated the policy and proper procedure for implementing those amendments.

In Part A to Amendment 821, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in Section 4A1.1(e)3 in the 2023 Edition of the Sentencing Guidelines. A person who otherwise presents seven criminal history

ORDER DENYING MOTION TO REDUCE SENTENCE – 4

points or more now receives one additional "status" criminal history point, instead of the two points that were awarded in the previous version of this subsection, while a person who otherwise presents six criminal history points or fewer receives no status points.

In Part B, Subpart 1 to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission added what now appears in Section 4A1.1(c), providing a two offense-level reduction for many offenders who present zero criminal history points. On August 24, 2023, the Commission decreed that this change applies retroactively.

The Court must first determine whether a defendant is eligible for a reduced sentence, and if so, must then "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon v. United States*, 560 U.S. 817, 827 (2010).

The Court agrees with the parties that Mr. Ezell is eligible for the status point adjustment referenced in Part A above. Ezell earned two "status points" because he was on federal supervised release when he committed this offense. That two-point increase no longer applies after Amendment 821, and Ezell now scores a total of only three points. This reduces his Criminal History Category from III to II. The parties agree that Ezell's applicable sentencing range is now lowered to 63 to 78 months, down from 70 to 87 months. Mr. Ezell is asking for his sentence to be reduced from 70 months to 63 months to reflect this change. This is the maximum reduction possible. *See* USSG § 1B1.10(b)(2).

The Court thus turns to the § 3553(a) factors. Relevant factors include: (i) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (ii) the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for

ORDER DENYING MOTION TO REDUCE SENTENCE – 5

the law, and to provide just punishment for the offense," to adequately deter criminal conduct, and "to protect the public from further crimes of the defendant;" (iii) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" (iv) the sentencing guidelines; and (v) "the need to provide restitution to any victims of the offense." *See* 18 U.S.C. § 3553(a).

This case involves a serious offense on supervised release. The history and characteristics of Defendant demonstrate a lack of respect for the law, a failure to take accountability for his actions, and a continued risk to the public of further crime. As the Court stated at Ezell's sentencing hearing, "all [Ezell] seems to do is commit violent offenses," and "whenever" he is "out in the community," he puts the public in "grave danger." Dkt. #76 at 30. The Government accurately points out Ezell's "uninspiring" disciplinary record while in custody. *See* Dkt. #98 at 13. Although Mr. Ezell will be older upon release and statistically less likely to re-offend, the Court finds that this does not outweigh Mr. Ezell's specific history or the other factors above. Any sentencing disparity issue is negligible and warranted in this case given Mr. Ezell's unique history and characteristics.

Given all of the above, this Motion will be denied.

Having considered Defendant's motion, the Government's Response, and the remainder of the record, the Court hereby finds and ORDERS that Defendant Ezell's Motion for Sentence Reduction, Dkt. #90, is DENIED.

DATED this 22nd day of October, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE